

September 14, 2021

David S. Yohay
T. 212.490.3333
F. 212.490.3332
dyohay@houser-law.com

*Licensed in New York*

Houser LLP
60 East 42nd Street
Suite 2330
New York, NY 10165

www.houser-law.com

**VIA ECF**

Hon. Robert M. Levy
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Article 13, LLC v. LaSalle National Bank Association, et al.*
  Civil Action No.: 1:20-cv-03553-AMD-RML

Dear Magistrate Judge Levy:

This firm represents defendant U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Morgan Stanley Mortgage Loan Trust 2007-2AX, Mortgage Pass-Through Certificates, Series 2007-2AX (s/h/a LaSalle National Bank Association) ("Defendant") in the above-referenced matter. Defendant submits this letter brief pursuant to Your Honor's Minute Entry of August 11, 2021, which requested briefing on the New York Court of Appeals' decision in *Freedom Mortgage Corporation v. Engel*, 37 N.Y.3d 1 (2021), and in response to the letter brief filed by plaintiff Article 13, LLC ("Plaintiff") on September 3, 2021. *See* ECF No. 28. The Court should deny Plaintiff's application to extend the discovery deadline for purposes of deposing additional witnesses on behalf of Defendant because no further testimony is warranted in view of *Engel* or the complete, knowledgeable and binding testimony already given by Defendant.

In response to the question posed by Your Honor, Plaintiff agrees with Defendant that a plaintiff's intent for discontinuing a foreclosure action is irrelevant to the determination of whether a mortgage foreclosure claim is timely or a mortgage is time-barred. Instead, Plaintiff contends that it is entitled to depose additional witnesses on behalf of Defendant because Central Mortgage Company's motion to voluntarily discontinue its 2007 action to foreclose the subject mortgage purportedly contains a contemporaneous statement suggesting that the voluntary withdrawal of that action did not revoke any prior election to accelerate the mortgage debt, and Defendant's Rule 30(b)(6) witness, Howard R. Handville, was unable to testify in detail about the purported contemporaneous statement. Contrary to Plaintiff's position, Central Mortgage Company's motion to discontinue its 2007 foreclosure action contained no such language that voided, or tended to void, the deceleration of the mortgage debt. Accordingly, there is no issue of fact warranting further testimony, and the Court should not permit Plaintiff to conduct further depositions of Defendant.

On February 18, 2021, the Court of Appeals announced a new bright-line rule to resolve the question of whether a voluntary discontinuance of a foreclosure action revokes the

ARIZONA

CALIFORNIA

CONNECTICUT

MASSACHUSETTS

MINNESOTA

NEVADA

NEW JERSEY

NEW MEXICO

NEW YORK

OREGON

WASHINGTON

acceleration of the mortgage debt: "where acceleration occurred by virtue of the filing of a complaint in a foreclosure action, the noteholder's voluntary discontinuance of that action constitutes an affirmative act of revocation of that acceleration as a matter of law, absent an express, contemporaneous statement to the contrary by the noteholder." *Engel*, 37 N.Y.3d at 32. This bright-line rule explicitly repudiated the prior approach developed in the Appellate Division, which "require[d] courts to scrutinize the course of the parties' post-discontinuance conduct and correspondence, to the extent raised, to determine whether a noteholder meant to revoke the acceleration when it discontinued the action." *Id.* at 30 (citation omitted). The Court of Appeals criticized that approach as "both analytically unsound as a matter of contract law and unworkable from a practical standpoint." *Id.*

Under the Court of Appeals' new approach, the default rule is that a noteholder's voluntary discontinuance of a foreclosure action reinstates the pre-accelerated terms of the loan (absent the noteholder's contemporaneous statement to the contrary) and "the onus is on noteholders to inform the borrower at the time of the discontinuance if acceleration has not been revoked and it will not accept installment payments." *Id.* at 33. If the noteholder does not affirmatively state in the motion, stipulation, or notice discontinuing the foreclosure action that it is *not* decelerating the debt and/or will *not* accept monthly installment payments, the court need look no further to conclude that the noteholder revoked the acceleration effectuated via the commencement of the action. *See id.* at 33-34. Now that the Court of Appeals has reversed the parties' burdens vis-à-vis a statute of limitations defense, the party claiming that the foreclosure action is untimely or the mortgage debt is time-barred must identify a contemporaneous statement by the noteholder at the time of discontinuance to prevail on a theory that the noteholder did not affirmatively revoke its election to accelerate the mortgage debt via the discontinuance. *See id.*

It is undisputed that Central Mortgage Company moved to voluntarily discontinue its 2007 action to foreclose the mortgage, which the Supreme Court of Kings County granted. *See* ECF No. 1 (Complaint) at 4-5; ECF No. 1-9 (Order and Motion Discontinuing Action and Canceling Notice of Pendency). Counsel represented in the discontinuance motion that Central Mortgage Company made a "business decision" to close the file. *See* ECF No. 1-9 at 8. The "business decision" at issue relates only to Central Mortgage Company's reason for withdrawing the foreclosure action, which the Court of Appeals has held is irrelevant to whether a valid revocation occurred. *See Engel*, 37 N.Y.3d at 31-33. The "business decision" to discontinue the foreclosure action is not a statement that the mortgage debt would remain accelerated or that monthly installment payments would not be accepted, and Plaintiff has not identified any statements to that effect in the discontinuance motion. Since the "business decision" does not satisfy the "contemporaneous statement to the contrary" exception to the *Engel* holding, it cannot provide a basis for obtaining further deposition testimony from Defendant. Furthermore, since "[t]he effect of a voluntary discontinuance should not turn on courts' after-the-fact analysis of the significance of subsequent conduct and correspondence between the parties, occurring months, if not years, after the action is withdrawn[,]" *id.* at 32, Plaintiff's "question as to whether any additional collection attempts were made after withdrawing the action" need not be answered.

Plaintiff's alternative argument that *Engel* may be of limited relevance because the 2007 foreclosure action was discontinued beyond the putative expiration of the statute of limitations does not support Plaintiff's request for additional deposition testimony from Defendant. If, as Plaintiff contends, the alleged prior acceleration of the mortgage debt was not validly revoked within the applicable six-year statute of limitations, Central Mortgage Company's reason for discontinuing the foreclosure action beyond the statute of limitations

would be entirely irrelevant to Plaintiff's argument that a valid deceleration never occurred.

Plaintiff's attempt to limit the application of *Engel* to this matter is also unavailing insofar as *Engel* has been extended to discontinuances occurring beyond the six-year limitations period. In *21st Mortgage Corporation v. Rudman*, 193 A.D.3d 910, 910 (2d Dep't 2021), the defendant argued that the foreclosure action was untimely because a prior action to foreclose the mortgage was commenced on October 24, 2006 and discontinued by motion made on March 7, 2013 and granted on March 28, 2013. True and correct copies of the Summons, Complaint, Motion and Order from the 2006 foreclosure action in *Rudman* are enclosed collectively as **Exhibit A**. The Appellate Division, Second Department, citing *Engel*, held that the March 2013 voluntary discontinuance of the October 2006 foreclosure action validly revoked the acceleration of the mortgage debt as a matter of law, although the discontinuance occurred more than six years after the action was commenced. *See Rudman*, 193 A.D.3d at 910-11.

Finally, Plaintiff's objection to Mr. Handville's reliance on an unsigned version of the Pooling and Servicing Agreement has become moot. A true and correct copy of the unsigned Pooling and Servicing Agreement that was marked for identification at Mr. Handville's deposition is enclosed as **Exhibit B**. On August 31, 2021, Defendant supplemented its Rule 26(a)(1) disclosures by producing a duly executed version of the Pooling and Servicing Agreement. A true and correct copy of Defendant's First Supplemental Rule 26(a)(1) Disclosures with the signed Pooling and Servicing Agreement is enclosed as **Exhibit C**. The signed Pooling and Servicing Agreement is identical in content to the unsigned version to which Mr. Handville testified. *See* **Exhibit B**; **Exhibit C**. Thus, there no longer is a question as to whether the Pooling and Servicing Agreement was signed, and no further testimony on that point is warranted.

Even after reviewing Mr. Handville's deposition transcript and briefing the issues in view of *Engel*, Plaintiff still cannot establish the good cause needed to extend the discovery deadline for purposes of deposing additional witnesses on behalf of Defendant. *See* Fed. R. Civ. P. 16(b)(4). Although Defendant did not object to extending the discovery deadline for the limited purpose of affording the parties an opportunity to complete document discovery based on the deposition testimony already elicited, Plaintiff is not entitled to additional deposition testimony from Defendant for the reasons set forth herein.

Thank you for Your Honor's consideration.

Respectfully yours,

Houser LLP

/s/ *David S. Yohay*

David S. Yohay

Enclosures

cc: **VIA ECF**
All counsel of record