UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ARTICLE 13, LLC,

                Plaintiff,

       v.

PONCE DE LEON FEDERAL BANK;
LASALLE NATIONAL BANK ASSOCIATION;
ALLIANCE MORTGAGE BANKING CORP.,
and VAN BUREN GROUP, INC.,

                Defendants.

**MEMORANDUM & ORDER**
20-CV-03553 (HG) (RML)

**HECTOR GONZALEZ**, United States District Judge:

Plaintiff Article 13, LLC brings this quiet title action against Defendants LaSalle National Bank Association ("LaSalle"),[1] Central Mortgage Company ("CMC"),[2] Alliance Mortgage Banking Corp. ("Alliance Mortgage") and Ponce de Leon Federal Bank ("Ponce de Leon") (collectively, "Defendants"), pursuant to 28 U.S.C. § 1332, to cancel a consolidated mortgage loan encumbering a property located at 53 Van Buren Street, Brooklyn, New York (the "Property"). Plaintiff argues that pursuant to Article 15 of the New York Real Property Actions and Proceedings Law ("RPAPL"), the statute of limitations governing Defendants' ability to foreclose on the property expired after Defendant LaSalle's loan servicer, CMC, accelerated the debt by commencing a foreclosure proceeding in 2007 in Kings County Supreme Court (the

---

[1] Defendant U.S. Bank National Association, as Trustee, successor in interest to Bank of America National Association, as Trustee, successor by merger to LaSalle, as Trustee for Morgan Stanley Mortgage Loan Trust 20-07-2AX, Mortgage Pass-Through Certificates was sued in this action as "LaSalle National Bank Association." ECF No. 40-1.

[2] CMC was dismissed from the action pursuant to a Stipulation of Voluntary Dismissal filed on October 6, 2020. *See* ECF No. 15.

"Foreclosure Action"). ECF No. 1 ¶¶ 19–22. As a result, Plaintiff alleges that it is entitled to a judgment canceling and discharging the mortgage.

Presently before the Court is Plaintiff's motion for reconsideration of the Court's December 28, 2022, Order denying both Plaintiff's and Defendant LaSalle's motions for summary judgment (the "December 28, 2022, Order"). ECF No. 59. For the reasons set forth below, Plaintiff's motion for reconsideration is granted. Accordingly, Plaintiff's motion for summary judgment on its RPAPL claim is granted, ECF No. 42-1.

## BACKGROUND

The Court assumes familiarity with the background of this case and only provides a summary of the pertinent facts and procedural history, *see Article 13 LLC v. Ponce de Leon Federal Bank*, No. 20-cv-3553, 2022 WL 17977493 (E.D.N.Y. Dec. 28, 2022).

Under New York law, the statute of limitations to commence a foreclosure action is six years from the date of acceleration of the mortgage debt. *See* CPLR § 213(4). An acceleration event can occur when a creditor commences an action "to recover the entire balance of the [mortgage] debt . . . triggering the six-year statute of limitations . . . ." *Freedom Mtge. Corp. v. Engel*, 169 N.E.3d 912, 919 (N.Y. 2021). The parties dispute whether CMC had the authority and/or standing to initiate the Foreclosure Action, and therefore whether the Foreclosure Action constituted an acceleration event. ECF No. 40-1 at 13–14. Defendant LaSalle argued that because CMC lacked authority, the six-year statute of limitations was never triggered and therefore, had not expired. *Id.*

On December 28, 2022, the Court denied both Plaintiff's and Defendant LaSalle's motions for summary judgment finding that "there is a genuine dispute of material fact about whether CMC was the holder of the Note [at the time it initiated the Foreclosure Action]. In

2

other words, whether CMC was assigned the [mortgage lien on the Property, (the "Senior Mortgage")] and possessed the [consolidated note (the "Note")] at the time of the Foreclosure Action" and thus had standing to initiate the Foreclosure Action.

On January 11, 2023, Plaintiff filed a motion for reconsideration of the Court's December 28, 2022, Order based on an intervening change of controlling law.[3]  ECF No. 59-1.  On February 10, 2023, Defendant LaSalle filed its opposition and on February 17, 2023, Plaintiff filed its reply.  ECF Nos. 66, 68.

## LEGAL STANDARD

"Rule 54(b) [of the Federal Rules of Civil Procedure] allows for reconsideration of non-final orders in the district court's equitable discretion . . . .  [D]ecisions referenced in Rule 54(b) may not usually be changed unless there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice."  *New Falls Corp.*, 2020 WL 9211146, at *5.

"The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992); *see also Mallek v. Allstate Ins. Co.*, No. 22-86-cv, 2023 WL 3513783, at *2 (2d Cir. May 18,

---

[3]  Plaintiff brings this motion for reconsideration pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.  ECF No. 59-1 at 5.  "By its express terms, Rule 60(b) applies only to *final* orders, not interlocutory orders."  *New Falls Corp. v. Soni Holdings, LLC*, No. 19-cv-449, 2020 WL 9211146, at *4 (E.D.N.Y. Sept. 30, 2020), *report and recommendation adopted*, 2021 WL 855939 (E.D.N.Y. Mar. 5, 2021).  The December 28, 2022, Order is not a "final order," and therefore the Court will reconsider its decision pursuant to the standard described in Rule 54(b) of the Federal Rules of Civil Procedure.  *See Tellier v. Fields*, 280 F.3d 69, 79 (2d Cir. 2000) ("As a general rule, a district court's order denying a party's motion for summary judgment is an interlocutory order, and, as such, is not immediately appealable.").

2023) (confirming that the standard described in *Virgin Atlantic Airways* continues to apply to motions to reconsider an interlocutory order under Rule 54(b))..[4] It is within the district court's discretion to decide whether to grant a motion for reconsideration. *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

A motion for reconsideration "is to be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been fully considered by the court" and should not be used as a substitute for appeal. *T.Z. v. City of New York*, 634 F. Supp. 2d 263, 268 (E.D.N.Y. 2009). Furthermore, "[a] motion for reconsideration is not intended as a vehicle for a party dissatisfied with the Court's ruling to advance new theories that the movant failed to advance in connection with the underlying motion." *Wyche v. KM Sys., Inc.*, No. 19-cv-7202, 2021 WL 1535529, at *1 (E.D.N.Y. Apr. 19, 2021).

## **DISCUSSION**

Plaintiff requests that this Court reconsider its December 28, 2022, Order wherein the Court concluded that there was a genuine dispute of material fact regarding whether CMC was the holder of the Note at the time it initiated the Foreclosure Action. Plaintiff asserts that there has been a change in controlling law since the Court's December 28, 2022, Order because Governor Kathy Hochul signed into effect the New York Foreclosure Abuse Prevention Act (the "FAPA") on December 30, 2022. ECF No. 59-1. Defendant LaSalle contends that: (i) Plaintiff cannot rely on the FAPA as an intervening change of controlling law, and (ii) the FAPA cannot retroactively apply to the Foreclosure Action without violating Defendant's constitutional due process rights. ECF No. 66.

---

[4]  Unless noted, case law quotations in this Order accept all alterations and omit all internal quotation marks, citations, and footnotes.

I.  **The FAPA Is an Intervening Change of Controlling Law**

The New York legislature passed the FAPA specifically to "overrule *Engel*." *East Fork Funding, LLC v. U.S. Bank*, No. 20-cv-3404, 2023 WL 2660645, at *2 (E.D.N.Y. Mar. 23, 2023). In *Engel*, the New York Court of Appeals held that lenders could voluntarily revoke acceleration of mortgage debt, and therefore, stop accrual of the six-year statute of limitations by voluntarily discontinuing a foreclosure action within six years from the date of acceleration. *See Engel*, 169 N.E.3d at 917 ("[W]e hold that where the maturity of the debt has been validly accelerated by commencement of a foreclosure action, the noteholder's voluntary withdrawal of that action revokes the election to accelerate, absent the noteholder's contemporaneous statement to the contrary."). The FAPA overrules *Engel* and amends New York Civil Practice Law and Rules ("CPLR") § 3217 to provide that a:

> voluntary discontinuance of [any action on a mortgage], whether on motion, order, stipulation or by notice, shall not, in form or effect, waive, postpone, cancel, toll, extend, revive or reset the limitations period to commence an action and to interpose a claim, unless expressly prescribed by statute.

FAPA § 8 (codified at CPLR § 3217(e)). In other words, a voluntary discontinuance does not result in a revocation of the acceleration of the mortgage debt and therefore, does not stop accrual of the statute of limitations. The FAPA clarifies that:

> Once a cause of action upon [a mortgage] has accrued, no party may, in form or effect, unilaterally waive, postpone, cancel, toll, revive, or reset the accrual thereof, or otherwise purport to [a]ffect a unilateral extension of the limitations period prescribed by law to commence an action and to interpose the claim, unless expressly prescribed by statute.

FAPA § 4 (codified at CPLR § 203(h)). Section 7 of the FAPA also amends CPLR § 213(4), adding, in relevant part, subsection (b):

> In any action seeking cancellation and discharge of record of an instrument described under subdivision four of section fifteen hundred one of the real property actions and proceedings law, a defendant shall be estopped from asserting that the period allowed by the applicable statute of limitation for the commencement of an

5

> action upon the instrument has not expired because the instrument was not validly accelerated prior to, or by way of commencement of a prior action, unless the prior action was dismissed based on an expressed judicial determination, made upon a timely interposed defense, that the instrument was not validly accelerated.

FAPA § 7 (codified at CPLR § 213(4)(b)).  Finally, Section 10 of the FAPA states that the statute "shall apply to all actions commenced on [a mortgage] in which a final judgment of foreclosure and sale has not been enforced." *East Fork Funding*, 2023 WL 2660645 at *2.

The Court finds that the FAPA is an intervening change of controlling law because it "might reasonably be expected to alter the conclusion reached by the court." *Shrader*, 70 F.3d at 257.  The FAPA provides that in an action seeking cancellation and discharge of record of a mortgage, a defendant is "*estopped* from asserting that the period allowed by the applicable statute of limitation for the commencement of an action upon the instrument has not expired because the instrument was not validly accelerated prior to, or by way of commencement of a prior action, unless the prior action was dismissed based on an expressed judicial determination." FAPA § 7 (emphasis added).  In other words, Section 7 of the FAPA makes it clear that all acceleration events "are presumptively valid, unless a prior action was dismissed upon a timely interposed defense . . . based upon an express judicial determination that no valid election to accelerate the instrument occurred . . . ." *See* New York State Senate Bill S5473D Sponsor Memorandum (revised May 4, 2022), https://www.nysenate.gov/legislation/bills/2021/S5473 (last visited August 11, 2023).

Here, Defendant LaSalle claims that the mortgage debt was not validly accelerated because CMC did not have the authority to commence the Foreclosure Action in 2007.  The FAPA would preclude Defendant LaSalle from asserting that the mortgage debt was not validly accelerated once the statute of limitations has expired, unless the Foreclosure Action was dismissed "based on an expressed judicial determination." *Id.*  In the instant litigation, CMC

6

moved to voluntarily discontinue the Foreclosure Action in 2017 and a few weeks later, the court granted CMC's motion. ECF No. 48-2 ¶¶ 39–40. Defendant LaSalle did not timely interpose any defense claiming that CMC lacked standing at any time during the Foreclosure Action. In fact, Defendant LaSalle remained silent and did not intervene for over a decade. Under these circumstances, the voluntary discontinuance is not an "expressed judicial determination that no valid election to accelerate the instrument occurred." *See* New York State Senate Bill S5473D Sponsor Memorandum. Accordingly, had the FAPA passed prior to the Court's December 28, 2022, Order, it would "have reasonably . . . alter[ed] the conclusion reached by the court" such that it can be considered an intervening change of controlling law. *Shrader*, 70 F.3d at 257.

As a result, even if CMC lacked standing at the time it initiated the Foreclosure Action, under the FAPA, Defendant LaSalle is now estopped from claiming that this acceleration event was not valid unless it had interposed a timely defense, which it did not do. The applicable six-year statute of limitations for commencing a foreclosure action under RPAPL § 1501(4) has therefore expired. *See Deutsche Bank Nat'l Tr. Co., as Tr., in Tr. for the Registered Holders of Morgan Stanley ABS Cap. I Inc. Tr. 2006-HE5 v. Dagrin*, 190 N.Y.S.3d 582, 586 (N.Y. Sup. Ct. 2023) (finding that pursuant to the plain language in FAPA a voluntary discontinuance does not reset the applicable six-year statute of limitations).

## II. The FAPA Applies Retroactively

Section 10 of the FAPA states that the statute "shall apply to all actions commenced on a mortgage in which a final judgment of foreclosure and sale has not been enforced." *East Fork Funding*, 2023 WL 2660645, at *2. The instant action has no final judgment of foreclosure nor has a sale been enforced. The Foreclosure Action was voluntarily discontinued in 2017, and therefore is not a final judgment on foreclosure and sale. The December 28, 2022, Order did not

7

vest in either party an immediate right to any property. As this case is still pending, the FAPA applies retroactively. *See U.S. Bank Tr., N.A. as Tr. for LSF9 Master Participation Tr. v. Miele*, Index No. 51023/2016, 2023 WL 4112924, at *5–6 (N.Y. Sup. Ct. June 21, 2023) ("The Legislature clearly and unambiguously intended the FAPA to have retroactive effect as is evident by the express language of the statute . . . . [T]he FAPA is intended to apply to all pending actions . . . in which a judgment of foreclosure and sale has not been enforced."); *East Fork Funding*, 2023 WL 2660645, at *3–4 (finding that the FAPA applies to case where the foreclosure proceeding was voluntarily discontinued prior to enactment of the FAPA); *GMAT Legal Title Trust 2014-1 v. Kator*, 184 N.Y.S.3d. 805 (N.Y. App. Div. 2023) (applying the FAPA retroactively to mortgage foreclosure action even though plaintiff argued that the entity that had commenced the previous foreclosure action "did not have standing" to do so).

## III. Retroactive Application of the FAPA Is Constitutional

Defendant LaSalle argues that the FAPA cannot retroactively apply to the Foreclosure Action without violating Defendant's constitutional due process rights. ECF No. 66 at 11–12. The Court disagrees.

A statute's retroactive application must be "supported by legitimate legislative purpose furthered by rational means." *United States v. Carlton*, 512 U.S. 26, 30–31 (1994). The New York Legislature specifically articulated the purpose of the FAPA as follows,

> The Legislature finds that there is an ongoing problem with abuses of the judicial foreclosure process; that the problem has been exacerbated by court decisions which, contrary to the intent of the Legislature, have given mortgage lenders and loan servicers opportunities to avoid strict compliance with remedial statutes and manipulate statutes of limitation to their advantage; and that the purpose of the present remedial legislation is to clarify the meaning of existing statutes, codify correct judicial applications thereof, and rectify erroneous judicial interpretations thereof.

New York State Senate Bill S5473D Sponsor Memorandum. Accordingly, the Court finds that retroactive application of the FAPA is supported by a legitimate legislative purpose. *See Dagrin*, 190 N.Y.S.3d at 587 (finding the legislature had a rational basis "in protecting homeowners from dilatory tactics in foreclosure litigation").

New York courts have considered whether the FAPA violates due process and have found the statute to be constitutional in circumstances where the FAPA did not shorten the six-year statute of limitations, and therefore did not affect the party's vested property rights. *See Miele*, 2023 WL 4112924, at *9 (finding that "[a]s final judgment has not yet been entered . . . the [moving party] does not have any vested property rights in this action or the orders of this court and thus its due process rights will not be violated by the retroactive application of the FAPA"); *HSBC Bank USA, N.A., as Tr. of Ace Secs. Corp. Home Equity Loan Tr. v. IPA Asset Mgmt., LLC*, 190 N.Y.S.3d 622, 625–26 (N.Y. Sup. Ct. 2023) (noting that because the "FAPA does not [a]ffect the statute of limitations nor the time the cause of action accru[es]," the moving party has not established a basis for finding a procedural due process violation). The Court finds the rationale set forth in these decisions to be persuasive.[5]

Moreover, the Supreme Court has held that "retroactive application of a statute [that] is supported by a legitimate legislative purpose furthered by rational means" is constitutional in the field of economic policy. *Pension Ben. Guar. Corp. v. R.A. Gray & Co.*, 467 U.S. 717, 729–30 (1984) ("It is by now well established that legislative Acts adjusting the burdens and benefits of economic life come to the Court with a presumption of constitutionality, and that the burden is

---

[5]  Though Defendant here challenges whether the FAPA violates its due process rights, the Court notes that in *East Fork Funding* the court considered whether the FAPA violated defendant's constitutional right to freedom of contract, and it held that the FAPA did not. *See East Fork Funding*, 2023 WL 2660645, at *4–6.

9

on one complaining of a due process violation to establish that the legislature has acted in an arbitrary and irrational way.");[6] *Greater Chautauqua Fed. Credit Union v. Marks*, No. 22-cv-2753, 2023 WL 2744499, at *15–16 (S.D.N.Y. Mar. 31, 2023) (citing *Gray*, dismissing plaintiff's due process claim, and finding that retroactive application of a New York law which reduces the default interest rate applicable to money judgments is constitutional). As discussed previously, the New York Legislature had a rational basis for enacting the FAPA and accordingly, Defendant LaSalle does not meet its burden of establishing that the Legislature acted in an arbitrary and irrational way. *See Dagrin*, 190 N.Y.S.3d at 587; *Gray*, 467 U.S. at 729–30.

In this case, CMC initiated the Foreclosure Action in 2007 and, almost a decade later, voluntarily discontinued it. Defendant LaSalle, or its predecessors in interest, therefore had more than a decade to pursue foreclosure and/or to intervene in the Foreclosure Action. As articulated by the New York Legislature, the purpose of the FAPA is to curb mortgage lenders' and loan servicers', "manipulat[ion] of statutes of limitation to their advantage." New York State Senate Bill S5473D Sponsor Memorandum. In light of the clear intent of the FAPA, the Court finds that retroactive application of the FAPA does not violate Defendant's constitutional due process rights. *See Miele*, 2023 WL 4112924, at *6 ("[I]t is well settled that acts of the Legislature are entitled to a strong presumption of constitutionality. [A defendant] bears the ultimate burden of overcoming that presumption by demonstrating FAPA's constitutional invalidity beyond a reasonable doubt."); *Dagrin*, 190 N.Y.S.3d at 587 ("[T]he courts will defer to the legislature when it creates retroactive legislation, unless it reaches so far into the past or so unfairly as to

---

[6]  The Court finds that the FAPA, which clarifies accrual of the statute of limitations in foreclosure actions, is economic legislation because it adjusts "the burdens and benefits of economic life." *Gray*, 467 U.S. at 729.

constitute a deprivation of property without due process."); *IPA Asset Mgmt.*, 190 N.Y.S.3d at 625–26 ("[T]he retroactive application of the legislation must be justified by a rational legislative purpose.  Here, the legislative purposes [of the FAPA] . . . was to correct an erroneous interpretation of the law. . . .  [D]ue to the gravity of the situation, the legislature sought finality and repose that statutes of limitations are meant to ensure.").

Pursuant to Rule 5.1(b) of the Federal Rules of Civil Procedure, "[a] party that files a pleading . . . drawing into question the constitutionality of a federal or state statute must promptly . . . file a notice of constitutional question . . . and serve the notice . . . on the state attorney general if a state statute is questioned."  Defendant LaSalle has failed to give notice to the New York State Attorney General.  Nevertheless, in a federal action "to which a State or any agency, officer, or employee thereof is not a party, wherein the constitutionality of any statute of that State affecting the public interest is drawn in question, the court shall certify such fact to the attorney general of the State, and shall permit the State to intervene . . . for argument on the question of constitutionality."  28 U.S.C. § 2403(b); *see also* Fed. R. Civ. P. 5.1 ("The court must, under 28 U.S.C. § 2403, certify to the appropriate attorney general that a statute has been questioned.").  Accordingly, the Court certifies the constitutional question to the New York State Attorney General.  However, the Court is permitted to reject the constitutional challenge prior to the New York State Attorney General's intervention, if any.  As set forth previously, the Court does so here and finds that the FAPA does not violate Defendant's constitutional due process rights.  *See* Fed. R. Civ. P. 5.1(c).

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for reconsideration of the December 28, 2022, Order is GRANTED.  The Court finds that the FAPA is an intervening change of

11

controlling law and as such warrants reconsideration of the December 28, 2022, Order. For the reasons set forth herein, and in light of the FAPA, Defendant LaSalle is estopped from claiming that the acceleration of the mortgage debt was not valid. *See* FAPA § 7 (codified at CPLR § 213(4)(b)). The six-year statute of limitations was therefore triggered when CMC filed the Foreclosure Action and has since expired. Accordingly, the Court GRANTS summary judgment in favor of Plaintiff, ECF No. 42-1.

Pursuant to Rule 5.1(c) of the Federal Rules of Civil Procedure, the Clerk of Court is respectfully directed to mail a copy of this Order to the Office of the Attorney General, Division of Appeals & Opinions, 28 Liberty Street, New York, NY 10005, certifying the constitutional challenge to the New York State Attorney General. The Clerk of Court is further directed to enter judgment and close the case.[7]

SO ORDERED.

Dated: Brooklyn, New York
August 11, 2023

*/s/ Hector Gonzalez*
HECTOR GONZALEZ
United States District Judge

---

[7] Although the Court is required to certify the constitutional challenge to the New York State Attorney General, "[it] may reject a constitutional challenge to a statute at any time." Fed. R. Civ. P. 5.1 Committee Notes on Rules—2006.